10-61921.oe

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-61921-CIV-MARTINEZ-BROWN

LAFRAWN MAYS,

    Plaintiff,

vs.

THE KEISER SCHOOL, INC., d/b/a KEISER
UNIVERSITY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS MATTER** is before the Court on Defendant's Renewed Motion to Compel Arbitration and Stay Proceedings...(D.E. 39). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

### Facts and Discussion

The facts that are germane to resolving this question are relatively simple. Plaintiff was given a contract to sign entitled "Confidentiality, Non-Solicitation and Arbitration Agreement" ("the "Agreement") (D.E. 5-1). Plaintiff signed and initialed it. Plaintiff contends that she didn't understand it and never turned it in to the company. Defendant agrees with all of this - except the last statement, contending she did, indeed turn it in.

---

[1] The Court acknowledges the split in authority as to whether this motion may be resolved by this Court in dispositive fashion. See Wilder v. Midland Credit Mgmt., No. 1:09-CV-2039-JOF/AJB, at *1, n. 1 (N.D. Ga. May 20, 2010).

1

Prior to determining whether arbitration should be compelled under the FAA, it is the duty of this Court to determine whether there was mutual assent to the contract containing the arbitration clause. See Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 855-56 (11th Cir. 1992); see also 9 U.S.C. §4. "[A] party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer 'some evidence' to substantiate the denial." Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 Fed. Appx. 782, 785 (11th Cir. 2008) (citing Chastain, 957 F.2d at 854. The Eleventh Circuit has stated that "[o]nly when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." Id. at 785 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 n. 9 (3d Cir. 1980)). Here, there is no genuine issue of fact that must be resolved by the Court.

When determining the issue of agreement to arbitrate a matter, the Court should apply state law principles governing contract formation. See, e.g., First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract...." Business Specialists, Inc. v. Land & Sea Petroleum, Inc., 25 So. 3d 693, 695 (Fla. 4th DCA 2010) (citations omitted). Although Plaintiff contends that she did not deliver the signed Agreement to defendant, she does not contest that she did, indeed, sign it. Signing a document indicates assent to the terms of the Agreement. See, e.g., Citibank, N.A. v. Dalessio, No. 2:09-cv-83-FtM-36DNF, 2010 WL 5137601 (M.D. Fla. Dec. 10, 2010) ("As a general matter, '[a] party who signs an instrument is presumed to know its contents ... He cannot avoid his obligations thereunder by alleging that he did not read the contract, or that the terms were not explained to him, or that he did not understand the provisions.'") (quoting Linville v. Ginn Real Estate Co., LLC, 697 F. Supp. 2d 1302, 1308-09 (M.D. Fla. 2010) (quoting Benoay v. E.F. Hutton & Co., 699 F. Supp. 1523, 1529 (S.D. Fla. 1987)).

The Agreement at issue contained, inter alia, the following provisions:

> **WHEREAS**, you are presently an employee of KEISER UNIVERSITY or are desirous of becoming an employee; and
>
> **WHEREAS**, Employer is desirous of engaging your services as an Employee or of allowing you to continue your current position as an employee of KEISER UNIVERSITY, subject to your agreement to the terms, provisions and conditions set forth herein;
>
> **NOW THEREFORE**, in consideration of Employer engaging your services as an Employee or of allowing you to continue as an Employee of Employer in your current position, and for other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, it is hereby agreed that:
>
> \*   \*   \*
>
> 8.    Arbitration. Any controversy or claim arising out of or relating to this Agreement or Employee's employment shall be referred to and finally resolved by arbitration ...

D.E. 5-1.

It is not necessary that Plaintiff have signed the Agreement in order for the arbitration provision to have been enforced against her. See Sierra v. Isdell, No. 6:09-cv-124-Orl-19KRS (M.D. Fla. July 21, 2009). Rather, assent can be established through a course of conduct, such as continuing employment. See id. at *4.

In her Declaration, Plaintiff admits that while she was employed by Defendant, she signed and initialed the Agreement. Mays Decl. ¶6. Although she further states that she unsuccessfully "attempted to discuss the [Agreement]" with her supervisor on more than one occasion (id.), it is undisputed that she continued to work for the Defendant for at least three months until she was terminated on July 2, 2010. The Court finds that Plaintiff's course of conduct of continuing her employment with Defendant, with knowledge of the terms of the Agreement, including the

arbitration clause, constitutes an assent to those terms.  See Sierra, supra; see also Sosa v. Shearform Mfg., 784 So. 2d 609 (Fla. 5th DCA 2001) (recognizing that parties who do not sign a contract may be bound by the provisions of the contract, if the evidence supports that they acted as if the provisions of the contract were in force).

Therefore, this Court respectfully recommends that the Motion to Compel Arbitration be **GRANTED** and that the litigation be stayed pending the outcome of the arbitration.

### Recommendation

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
Counsel of record